IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT GUERIN,

      Plaintiff,

vs.                                                                     No. CIV 22-0629 JB/KBM

WEXFORD, INC.; MEDICAL
DIRECTOR; JOHN DOE and DANIEL
SEDILLO,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Robert Guerin's failure to address the civil filing fee, as 28 U.S.C. § 1915 requires. The Court previously denied Guerin's Prisoner Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed August 22, 2022 (Doc. 2)("IFP Motion"), and directed Guerin to prepay the $402.00 filing fee. See Memorandum Opinion and Order at 1, filed October 24, 2022 (Doc. 4)("MOO"). Because Guerin has not complied with the MOO's directive, the Court will dismiss this case without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Guerin is incarcerated at the Penitentiary of New Mexico ("PNM") in Santa Fe, New Mexico. See Complaint at 2, filed August 22, 2022 (Doc. 1)("Complaint"). Guerin filed a pro se Complaint on August 22, 2022. See Complaint at 1. The Complaint alleges that PNM officials deliberately were indifferent to Guerin's medical needs. See Complaint ¶¶ 1-6 in § 4, Legal Claims, at 4-6. Guerin filed the IFP Motion along with the Complaint. See IFP Motion at 1. In the IFP Motion, Guerin seeks to prosecute his Complaint without prepaying the $402.00 civil filing fee. The Court may grant such relief only where an inmate's "affidavit [and] . . . statement of . . .

assets [demonstrates] that the [inmate] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Guerin's financial statement reflects that, when he filed the IFP Motion, he had $12,699.55 in his inmate spending account. See New Mexico Corrections Department Inmate Trust Accounting, Account Transaction History from 02/01/2022 to 08/01/2022, at 4 (dated August 1, 2022), filed August 22, 2022 (Doc. 2). Accordingly, Guerin can afford to prepay the $402.00 civil filing fee. On October 24, 2022, the Court denied the IFP Motion. See MOO at 1. The Court further directed Guerin to prepay the $402.00 civil filing fee within thirty days of the MOO's entry. See MOO at 1. The MOO warns that the failure timely to comply may result in the dismissal of this action without further notice. See MOO at 1.

The deadline to prepay the $402.00 filing fee was November 23, 2022. See MOO at 1. Guerin has not submitted a payment, shown cause for this failure, or otherwise responded to the MOO. The Court will analyze whether to dismiss this case for failure to prosecute and to comply with a Court order.

**ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules" (quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002))). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."

Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016).  "Dismissing a case with prejudice . . . is a significantly harsher remedy -- the death penalty of pleading punishments -- and [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d at 1162.  "'[T]hese criteria include (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'"  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204).

As noted above, Guerin has not prepaid the filing fee, as 28 U.S.C. § 1915(a) and the MOO require.  See 28 U.S.C. § 1915(a); MOO at 1.  He also failed to show cause for such inaction.  In light of these shortcomings, the Court will dismiss this case, pursuant to rule 41(b), for failure to

prosecute.  See Olsen v. Mapes, 333 F.3d 1199 at 1204; Fed. R. Civ. P. 41(b).  The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr., 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204).  If Guerin still seeks relief, he must file a new complaint and address the filing fee in the new case.

**IT IS ORDERED** that: (i) the Plaintiff's Complaint, filed August 22, 2022 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Robert Guerin
Santa Fe, New Mexico

   *Plaintiff pro se*

- 4 -